# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 14, 2015

## STATE OF TENNESSEE v. MARCUS ANTHONY ROBEY

**Appeal from the Circuit Court for Rutherford County**
**No. F69191C     Mitchell Keith Siskin, Judge**

_____

**No. M2014-00773-CCA-R3-CD - Filed April 13, 2015**

_____

Defendant, Marcus Anthony Robey, timely filed a motion to withdraw his guilty plea to the Class C felony offense of possessing a firearm at a time when he had previously been convicted of a felony offense involving the use or attempted use of force, violence, or a deadly weapon. The motion was filed after sentence had been imposed pursuant to a negotiated plea agreement which involved other convictions that are not a part of this appeal. Following an evidentiary hearing, the trial court denied the motion. After review of the record and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

John C. Taylor, Murfreesboro, Tennessee, for the appellant, Marcus Anthony Robey.

Herbert H. Slatery III, Attorney General and Reporter; Michelle L. Consiglio-Young, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Jennings Jones and Shawn Puckett, Assistant District Attorneys General, for the appellee, the State of Tennessee.

## OPINION

**Procedural History**

The indictment is not in the record but from other documents and from statements in the transcripts it is apparent that Defendant was charged in a multiple-count indictment with

aggravated robbery, evading arrest, criminal impersonation, and possession of a handgun by a person who has a prior felony conviction for an offense involving use or attempted use of force, violence, or a deadly weapon ("firearm charge"). On August 12, 2013, Defendant pled guilty to evading arrest and criminal impersonation charges prior to going to trial on the other two charges. Bifurcated proceedings were ordered, and Defendant was tried by the jury solely on the aggravated robbery charge first. The jury returned a verdict of guilty as charged. The trial for the firearm charge began shortly thereafter. The State presented its proof, and Defendant's motion for judgment of acquittal was denied. A recess was taken, and when the court proceedings resumed it was announced that a negotiated plea agreement had been reached by the parties.

Pursuant to the agreement, Defendant pled guilty as charged to the firearm charge, a Class C felony, and agreed to a Range II sentence of fifteen years as a career offender. Also, pursuant to the agreement, the fifteen-year sentence was ordered to be served concurrently with the sentence imposed for the aggravated robbery conviction. In exchange, Defendant waived his right to all appeals on all charges included in the indictment.

The transcript of the guilty plea taken and accepted on August 15, 2013, and the written petition to enter guilty plea to the firearm charge, signed by Defendant, are exhibits in the record. On September 4, 2013, Defendant filed a *pro se* motion to withdraw his guilty plea to the firearm charge. He alleged that at the time of the guilty plea he was "not in [his] right frame of mind," that he did not understand he was losing the right to appeal his aggravated robbery conviction, and that he "made a mistake with that guilty plea." After a hearing at which only Defendant testified, the trial court denied the motion.

The parties on appeal agree that the motion to withdraw guilty plea was filed after the fifteen-year sentence had been imposed. Therefore, pursuant to Tennessee Rule of Criminal Procedure 32(f)(2), "the [trial] court [could have] set aside the judgment of conviction and [permitted] [Defendant] to withdraw the plea to correct manifest injustice." At the conclusion of the hearing on Defendant's motion, the trial court made the following ruling and findings of fact.

THE COURT: All right. Well, look, under [T.R.Cr.P. 32(f)(2)], under the standard that the Court is applying here, the question is whether there will be a manifest injustice that needs to be corrected in my granting this motion.

And, respectfully, I don't find that we have - - that the burden has been met here by the Defendant. I mean, the bottom line from the Court's [perspective],

2

[Defendant] had three attorneys working on this trial with him. Three very competent attorneys and experienced attorneys.

The agreement that was reached and announced to the Court, I mean, it was - - there was a clear bargain for exchange. There is a give and take. I mean, the State gave a little bit, and the Defendant gave up this [sic] right to appeal.

And I know he's testified today that he didn't understand that he was giving up his right to appeal on all counts. And he thought it was just [the firearm charge]. But, respectfully, we have got - - first off, we have got this transcript from the plea hearing where I directly questioned [Defendant] about that. And it's on Page 31 during the plea colloquy.

I said, and it's also been announced that you would be waiving your right to an appeal on all counts of the indictment as part of this agreement. And [Defendant] responded, yes, sir. And that was also repeated in the judgment forms that say all counts. And that negotiated plea agreement says all counts.

With all due respect, I think there was an understanding that it was all counts. And I think it looks more to the Court like not a misunderstanding, but more of a buyers remorse. I don't think that that's something that Rule 32 contemplates as a manifest injustice on setting aside a plea.

So, I do find that this was a voluntary agreement that was reached. There was no misunderstanding. And there's no manifest injustice. I think it's the Court's duty to deny this motion.

**Motion to Withdraw Guilty Plea Hearing**

3

Defendant testified that "[w]hen signing for the plea, it was understood to me by my attorney that he stated that I couldn't appeal the indictment." Defendant claimed that it was not until later that he learned this meant "all counts" of the indictment. Defendant believed that he was only waiving his right to appeal the conviction for the firearm charge and that he still had the right to appeal his aggravated robbery charge.

Defendant claimed that his attorney did not discuss any defense to the firearm charge on the day of the guilty plea. Defendant testified that the only time period he had to discuss the implications of the guilty plea was the time of the court's recess. We note that there is an exhibit to the motion hearing which is designated as the "Clerk's Minutes of the Record" of the trial proceedings. It was admitted into evidence at the motion hearing without objection from the Defendant. It shows the recess began at 11:15 a.m., court resumed at 11:45 a.m., and Defendant entered the guilty plea at 12:00 p.m.

Defendant stated that he also talked to his father prior to entering the guilty plea. Defendant was a career offender for both the Class B felony conviction of aggravated robbery and the Class C felony firearm charge. Defendant faced a mandatory sentence of thirty years for the aggravated robbery conviction, and a mandatory sentence of fifteen years whether he pled guilty to the firearm charge or if he was found guilty by the jury. However, if Defendant declined the negotiated plea offer, he faced the real possibility of consecutive sentencing. Apparently with this information, Defendant's father, according to Defendant's testimony, reasoned with Defendant that "15 years ran [sic] into 30 years was better than 45 [years]."

Defendant testified that on the day of his guilty plea, he thought that he had a good understanding on everything he was waiving by pleading guilty to the firearm charge, "but I misinterpreted it the fact that it was all counts." However, Defendant admitted that he was fully aware that he received the benefit of concurrent sentencing as a result of the negotiated guilty plea.

On cross-examination by the State, Defendant admitted that he had signed the negotiated plea agreement, but he explained that he did not read it. Defendant repeatedly maintained that his attorney told him that was waiving his right to appeal "the indictment," not that he was waiving his right to appeal "all counts of the indictment."

We have carefully reviewed the exhibits admitted as evidence at the motion hearing. The petition to enter plea of guilty clearly states under "additional conditions" that the State agreed to concurrent sentencing "in exchange for [Defendant] waiving his right to appeal on all counts of this indictment." During the guilty plea submission, the State announced all the terms of the agreement, including the fact that the State agreed to concurrent sentencing "in

4

exchange for him [Defendant] waiving his right to appeal on all counts of the indictment." In response to a question from the trial court, Defendant admitted, under oath, that the announcement of the terms of the negotiated plea was, in fact, Defendant's agreement he had reached with the State. Also, Defendant told the trial court that he (Defendant) had the chance to review the negotiated plea agreement with his attorneys. Finally, in direct response to the trial court, Defendant acknowledged that he was waiving his right to "an appeal on all counts of the indictment as part of this agreement."

**Analysis**

An appellate court reviews a trial court's ruling on a defendant's motion to withdraw a guilty plea for an abuse of discretion. *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *Id.* (citing *State v. Jordan*, 325 S.W.3d 1, 38-40 (Tenn. 2010). It is the burden of the defendant to establish that his guilty plea should be withdrawn in order to prevent a manifest injustice. *State v. Turner*, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995).

Our supreme court has held that a motion to withdraw a guilty plea based upon manifest injustice may be justified where:

(1)     the plea was entered as a result of fear, fraud, or misunderstanding;

(2)      The State failed to provide exculpatory evidence required by *Brady v. Maryland*, 373 U.S. 83 (1963);

(3)     the Defendant did not knowingly, voluntarily, and understandingly enter the guilty plea; and

(4)     the Defendant had ineffective representation of counsel in connection with the entry of the guilty plea.

*State v. Crowe*, 168 S.W.3d 731, 742 (Tenn. 2005).

The trial court made extensive findings of fact which we quoted above. We are obligated to accept the trial court's findings of fact unless the evidence preponderates otherwise. *State v. Kelly*, 603 S.W.2d 726, 729 (Tenn. 1980). There was no proof that Defendant entered the guilty plea as a result of fear or fraud. There was no proof that the State failed to provide exculpatory evidence. There was no proof that his counsel rendered

5

ineffective assistance of counsel; in fact, during cross-examination, Defendant said "no" when specifically asked if he had been "denied the effective assistance of counsel."

Defendant's sole factual basis for relief was that he understood his attorney say he was waiving his right to "appeal the indictment" and he thought this meant he was waiving his right to appeal only one count (the firearm charge) of the indictment.

The findings of fact by the trial court could not have been more clearly stated. The findings of fact were that Defendant did not misunderstand the provisions of the guilty plea. And from the findings of fact it can only be concluded that Defendant knowingly, voluntarily, and understandingly entered his plea of guilty to the firearm charge.

Defendant is not entitled to relief in this appeal. The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE